**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 9:16−cv−81466-WPD/LSS**

**ELECTRONIC COMMUNICATION TECHNOLOGIES, LLC,**

Plaintiff,

v.

**CLEVER ATHLETICS CO., LLC**

Defendant.
______________________________________/

**MOTION TO DISMISS COUNTERCLAIM AND STRIKE AFFIRMATIVE DEFENSES**

Plaintiff Electronic Communication Technologies, LLC ("ECT"), by and through its counsel, hereby responds to Defendant Clever Athletics Co., LLC's ("Clever") Counterclaim pursuant to Rule 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure.

**PRELIMINARY STATEMENT**

On August 19, 2016, Plaintiff filed this action for infringement of U.S. Pat. No. 9,373,261 (the "'261 Patent") [DE 1]. Then, on October 13, 2016 Defendant filed two counterclaims for declaratory judgment and six affirmative defenses [DE 10]. Both Counterclaims should be dismissed as useless and failing to state a claim under Fed. R. Civ. P. 8(a) and 12(b)(6). Furthermore, pursuant to Fed. R. Civ. P. 12(f), Defendant's First, Second, Third, Fifth and Sixth affirmative defenses should be stricken. The First, Second, Third, Fifth and Sixth Affirmative Defenses should be stricken because they are threadbare. The Second, Fifth and Sixth Defense should also be stricken with prejudice because are redundant, immaterial and impertinent. The Third Affirmative Defense is impertinent, scandalous and fails to comply with Fed. R. Civ. P. 9(b) and the binding precedent of the Federal Circuit.


ASSOULINE & BERLOWE, P.A.
1801 N. Military Trail, Suite 160, Boca Raton, Florida 33431 • Telephone: (561) 361-6566 • Facsimile: (561) 361-6466

## MEMORANDUM OF LAW

### A. Defendant's First and Second Counterclaims for Non-Infringement and Invalidity Should Be Dismissed, Because They Are Redundant of The Issues Raised in the Complaint and Affirmative Defenses and Fail to Serve a Useful Purpose.

Defendant's declaratory judgment counterclaims fail to serve a useful purpose and should be dismissed. Counterclaims for non-infringement and invalidity should be dismissed when they are redundant of issues raised in a complaint or an affirmative defense. *Miracle 7, Inc., v. Halo Couture, LLC*, Case No. 13-61643-CIV-ROSENBAUM/HUNT, 2014 WL 11696708 (SD. Fla. January 17, 2014) (dismissing with prejudice non-infringement and invalidity counterclaims). "The declaratory judgment is an all-purpose remedy designed to permit adjudication whenever the court has jurisdiction, there is an actual case or controversy and an adjudication would serve a *useful* purpose." *DDFA of S. Fla., Inc. v. Dunkin' Donuts, Inc.*, No. 00-7455, 2002 WL 1187207, at *4 (S.D. Fla. May 22, 2002) quoting *Allstate Ins. Co. v. Employers Liability Assur. Corp.*, 445 F.2d 1278, 1280 (5th Cir. 1971) (emphasis added). "A declaratory judgment should be granted (1) when the judgment will serve a *useful purpose* in clarifying and settling the legal relations in issue, or (2) when it will terminate and afford relief from the uncertainty, insecurity and controversy giving rise to the proceedings." *Miracle 7, Inc.,* 2014 WL 11696708 at *2 quoting *Cont'l Casualty Co. v. Coastal Sav. Bank*, 977 F.2d 734, 737 (2d Cir. 1992); *McGraw Edison Co. v. Performed Line Prods. Co.*, 362 F.2d 339, 342 (9th Cir. 1966) (emphasis in original).

> The Supreme Court has held that "[t]he Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to a make a declaration of rights; it did not impose a duty to do so."

*DDFA of S. Florida, Inc. v. Dunkin' Donuts, Inc.,* No. 00-7455-CIV, 2002 WL 1187207, at *4 (S.D. Fla. May 22, 2002) *quoting Public Affairs Associates, Inc. v. Rickover,* 369 U.S. 111, 112


ASSOULINE & BERLOWE, P.A.
1801 N. Military Trail, Suite 160, Boca Raton, Florida 33431 • Telephone: (561) 361-6566 • Facsimile: (561) 361-6466

(1962). "It is well-settled ... that a declaratory judgment may be refused where it would serve no useful purpose." *Yellow Cab Co. v. City of Chicago,* 186 F.2d 946, 950-51 (7th Cir.1951).

When a defendant brings a counterclaim for declaratory judgment, courts should consider "whether resolution of plaintiff's claim, along with the affirmative defenses asserted by defendants, would resolve all questions raised by the counterclaim" in order to determine whether the declaratory-judgment counterclaim serves a useful purpose. *Medmarc Cas. Ins. Co. v. Pineiro & Byrd PLLC*, 783 F. Supp. 2d 1214, 1217 (S.D. Fla. 2011) quoting *Gratke v. Andersen Windows, Inc.*, No. 10-963, 2010 WL 5439763, at *3 (D. Minn. Dec. 8, 2010), report and recommendation adopted, 2010 WL 5441940 (D. Minn. Dec. 28, 2010). If the declaratory-judgment counterclaim "contain[s] repetitious issues already before the court by way of the complaint or affirmative defenses," courts often dismiss with prejudice the redundant counterclaim. *Miracle 7, Inc.,* 2014 WL 11696708 at *2 (SD. Fla. January 17, 2014) quoting *Medmarc Cas. Ins. Co. v. Pineiro & Byrd PLLC*, 783 F. Supp. 2d 1214, 1217 (S.D. Fla. 2011). Consequently, Defendant's counterclaims for non-infringement and invalidity should be dismissed with prejudice.

**B. Moreover, Defendant's First and Second Counterclaims for Non-Infringement and Invalidity Should Be Dismissed, Because The Counterclaims Are Not Supported By Any Factual Allegations.**

Defendant's counterclaims for non-infringement and invalidity are not supported by any factual allegations. "To survive a motion to dismiss, a [pleading] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (bracketed text added). "A claim has facial plausibility when the [claimant] pleads factual content that allows the court to draw the reasonable inference that the [respondent] is liable for


ASSOULINE & BERLOWE, P.A.
1801 N. Military Trail, Suite 160, Boca Raton, Florida 33431 • Telephone: (561) 361-6566 • Facsimile: (561) 361-6466

the misconduct alleged." *Id*. (bracketed text added); see *Pharma Supply, Inc. v. Stein*, 2015 WL 392084, at *4 (S.D. Fla. Jan. 28, 2015) applying *Twombly* and Rule 8(a) to find that defendants' counterclaims failed to satisfy pleading requirements. *See also, United Fixtures Co., Inc. v. Base Mfg.*, No. 6:08–cv–506–Orl–28GJK, 2008 WL 4550212, at *1 (M.D. Fla. Oct. 8, 2008) (holding such counterclaims and affirmative defenses insufficient); *and Bartronics, Inc. v. Power–One, Inc.*, 245 F.R.D. 532, 537 & n. 5 (S.D. Ala. 2007) (holding that statutory pleadings are insufficient to support an invalidity counterclaim"). Consequently, Defendant's conclusory counterclaims should be dismissed also because they fail to allege any factual support.

**C. Defendant's First, Second, Third, and Fifth Affirmative Defenses Should Be Stricken, Because They Are Threadbare.**

Defendants first, second, third and fifth affirmative defenses fail to allege any factual support and should be stricken. "Formulaic recitations filled with labels and conclusions without factual allegations are insufficient." *The Florida Strawberry Festival, Inc. v. ACE Am. Ins. Co.*, No. 13-62558-CIV-WPD, 2014 WL 11762612, at *1 (S.D. Fla. Feb. 14, 2014) (Dimitrouleas, J.). *See, also, Flexiteek Americas, Inc. v. Tek-Dek, LTD.*, No. 08-60995-CIV, 2014 WL 11517848, at *7 (S.D. Fla. Mar. 28, 2014) (Snow, J.) (striking nearly identical affirmative defenses raised in a patent infringement case). Consequently, Defendant's First, Second, Third and Fifth Affirmative Defenses should be stricken.

**D. Defendant's Second, Fifth and Sixth Affirmative Defense Should Also be Stricken with Prejudice as Immaterial, Impertinent and Redundant.**

Defendant's Second, Fifth and Sixth Affirmative Defense are included within Defendant's denials to Plaintiff's complaint and Defendant's First Affirmative Defense and should be stricken as impertinent and redundant. Although in some cases a court may construe a defense as a denial, it should strike defenses with prejudice when they are redundant of


ASSOULINE & BERLOWE, P.A.
1801 N. Military Trail, Suite 160, Boca Raton, Florida 33431 • Telephone: (561) 361-6566 • Facsimile: (561) 361-6466

defendant's other denials and are not defenses. *Certain Interested Underwriters at Lloyd's, London v. AXA Equitable Life Ins. Co.,* No. 10-62061-CV, 2013 WL 3892956, at *4 (S.D. Fla. July 26, 2013) (holding non-affirmative defenses such as failure to state a claim "patently frivolous") citing *Flav–O–Rich, Inc. v. Rawson Food Serv., Inc.,* 846 F.2d 1343, 1349 (11th Cir.1988); *Cf, Flexiteek Americas, Inc. v. Tek-Dek, LTD.*, No. 08-60995-CIV, 2014 WL 11517848, at *7 (S.D. Fla. Mar. 28, 2014).

Notably, Defendant's fifth and sixth affirmative Defense just simply restate the denials in the Defendant's Answer paragraphs 15-25 that Defendant infringed the '261 Patent and that its infringement was willful. They are not affirmative defenses and are patently frivolous. Defendant's Second Affirmative defense is included in Defendant's first affirmative Defense, and adds no additional factual support.[1] It is prejudicial to the Plaintiff, the Court, and other litigants when they must weed through and respond to useless, repetitive and patently frivolous affirmative defenses. However, Defendant will suffer no harm if its frivolous defenses that are redundant of its other denials of record are stricken with prejudice.

Consequently, Defendant's Second, Fifth and Sixth affirmative Defenses should be stricken with prejudice as redundant, immaterial and impertinent.

**E. Defendant's Third Affirmative Defense for Fraud on the United States Patent and Trademark Office Should Be Stricken for Failing to Satisfy the Binding Pleading Requirements of the Federal Circuit.**

Defendant's Third Affirmative Defense should be stricken for failing to allege any factual support under the heightened pleading for inequitable conduct and unclean hands.

---

[1] Defendant's First Affirmative Defense states in a shotgun manner that Plaintiff failed to comply with Title 35, which includes the threadbare basis Defendant asserts in its Second Affirmative Defense under 35 U.S.C. § 101 (titled "Inventions patentable").



ASSOULINE & BERLOWE, P.A.
1801 N. Military Trail, Suite 160, Boca Raton, Florida 33431 • Telephone: (561) 361-6566 • Facsimile: (561) 361-6466

Defendant's third affirmative Defense states:

> Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands and inequitable conduct. For example, on information and belief, Plaintiff, including by and through its patent prosecution counsel, failed to disclose material prior art to the U.S. Patent Office and failed to properly advise the patent examiner of judicial precedent during prosecution of the '261 patent.

The Federal Circuit has held:

> To plead the "circumstances" of inequitable conduct with the requisite "particularity" under Rule 9(b), the pleading must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO. Moreover, although "knowledge" and "intent" may be averred generally, a pleading of inequitable conduct under Rule 9(b) must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO.

*Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1328-29 (2009) (affirming district Court's refusal to allow Defendant to assert affirmative defenses and counterclaims regarding inequitable conduct without any factual support).

Like all of its other asserted Affirmative Defenses, Defendant's third affirmative Defense fails to assert any factual support, much less "the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO" required by the Federal Circuit. *Id.* It also fails to identify any facts that would support that the unidentified material misrepresentation made with "a specific intent to deceive the PTO." Consequently, Defendant's Third Affirmative Defense should be stricken.

**CERTIFICATION OF GOOD FAITH CONFERENCE**

Pursuant to S.D. Fla. L.R. 7.1.A.3, Plaintiff's counsel conferred with counsel for the Defendant in a good faith effort to resolve the issues raised, but Defendant refuses to withdraw or amend its pleading.


ASSOULINE & BERLOWE, P.A.
1801 N. Military Trail, Suite 160, Boca Raton, Florida 33431 • Telephone: (561) 361-6566 • Facsimile: (561) 361-6466

**CONCLUSION**

WHEREFORE, Plaintiff respectfully requests that the Court: i) dismiss Defendant's First and Second Counterclaims with Prejudice; ii) strike Defendant's First, Second, Third, Fifth and Sixth Affirmative Defenses; and, iii) award such further relief as is fair just and equitable under the circumstances.

Dated: November 21, 2016

Respectfully submitted,

By: s/Peter A. Koziol
Peter A. Koziol (FBN 030446)
pak@assoulineberlowe.com
Eric N. Assouline (FBN 106143)
ena@assoulineberlowe.com
Greg M. Popowitz (FBN 70313)
gmp@assoulineberlowe.com
**ASSOULINE & BERLOWE, P.A.**
1801 N. Military Trail, Suite 160
Boca Raton, Florida 33431
Telephone: (561) 361-6566
Facsimile: (561) 361-6466

***Attorneys for Plaintiff,***
***Electronic Communication Technologies, LLC***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 21, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner referenced below.

By: s/ *Peter A. Koziol*
Peter A. Koziol

## SERVICE LIST

***Electronic Communication Technologies, LLC v. Clever Athletics Co., LLC***
**CASE NO.: 9:16−cv−81466-WPD/LSS**
**United States District Court, Southern District of Florida**

**VIA CM/ECF**

Todd A. Jennings (FBN 93910)
taj@macfar.com
Macfarlane Ferguson & McMullen
625 Court St., Ste 200
Clearwater, FL 33756-5528
Office: 727-441-8966

***Attorneys for Defendant,***
***Clever Athletics Co, LLC***